[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-12604
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 1, 2007
THOMAS K. KAHN
CLERK

OSHC No. 05-0710

DOWNRITE ENGINEERING & DEVELOPMENT CORP.,

Petitioner,

versus

OCCUPATIONAL SAFETY & HEALTH REVIEW COMMISSION,

Respondent.

_____

On Petition for Review of an Order of the
Occupational Safety and Health Review Commission

_____

**(February 1, 2007)**

Before TJOFLAT, HULL and COX, Circuit Judges.

PER CURIAM:

Downrite Engineering & Development Corp. ("Downrite") appeals the Order

of the Occupational Safety and Health Review Commission ("Commission"), whose

Administrative Law Judge ("ALJ") affirmed citations issued to Downrite for violations of the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651-678.

The ALJ determined Downrite to be in violation of the following: (1) 29 C.F.R. § 1926.20(b)(2) for failing to have a designated competent person make frequent and regular inspections of the worksite; (2) 29 C.F.R. § 1926.100(a) for failing to ensure employees were protected from falling objects with protective helmets; (3) 29 C.F.R. § 1926.501(b)(4)(i) for failing to provide fall protection to employees exposed to falls greater than six feet; and (4) an "other" violation of 29 C.F.R. § 1926.21(b)(6)(i) for failing to instruct employees in confined space safety. (R.3-24 at 12.) The ALJ found the first three violations to be serious, and assessed penalties totaling $3600 for these three violations. (R.3-24 at 12.) Downrite petitioned the Commission for discretionary review, which the Commission declined. The ALJ's decision then became the final order of the Commission. (R.3-28 at 1.) Downrite filed a timely petition for review by the court. Downrite contends the Order of the ALJ should be reversed for three reasons: (1) Downrite did not consent to the warrantless inspection by OSHA Compliance Safety and Health Officers, and such an inspection was a violation of its Fourth Amendment rights; (2) Downrite had no actual or constructive knowledge of the violations; and (3) none of the citations constituted a "serious violation" of an OSHA safety standard.

This court's review of Commission decisions is limited and highly deferential. *See Fluor Daniel v. OSHRC*, 295 F.3d 1232, 1236 (11th Cir. 2002). The court must sustain the Commission's fact-finding as long as it is "supported by substantial evidence on the record considered as a whole," 28 U.S.C. § 660(a), and the Commission's determinations will be upheld unless "they are 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with [the] law.'" *Flour Daniel*, 295 F.3d at 1236 (quoting 5 U.S.C. § 706(2)(A)).

We find no error in the ALJ's determination that the search was consensual, and therefore not in violation of the Fourth Amendment. And, we conclude that substantial evidence supports the ALJ's factfinding, and that the ALJ's conclusions are not shown to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

**AFFIRMED.**